By the Court. Campbell, J.
The plaintiff brought an action of trover to recover a set of sails on a sloop mortgaged by him to one Tooker. After the execution of the mortgage the plaintiff removed the sails, which were old and nearly worn out, and which were covered expressly by the mortgage, and replaced them with another set of sails, which latter were on the sloop, when taken possession of by Tooker under the mortgage and sold at auction, he becoming the purchaser. The sloop was at the defendants’ dock, and they supposing their agent had purchased the sloop for them at the sale, refused to deliver the' new sails to the plaintiff on his demanding the same.
The mortgagee was the legal owner of the sloop. (Westerdale v. Dale, 7 T. R. 312.) Lord Kenyon, speaking of the mortgage of a ship, says: “ As to cases respecting the mortgagee, whether in or out of possession, he is the legal owner, and must so be considered in a court of law, notwithstanding his title,is subject to equitable interest.” The title to the vessel in question being in the mortgagee, he became entitled to the sails which were affixed by the plaintiff, the moment the vessel came into his actual possession.
We can see no difference between this case and that of ordinary repairs. The old sails were worn out, and they were removed and others put in their place. When the materials of another are united to materials of mine, by my labor or by the labor of another, and mine are the principal materials, and those of the other only accessory, I acquire the right of property in the *450 whole, by right of accretion. (Merritt v. Johnson, 7 John. R. 475.)
Thus, in the case of a mortgage of a house which contains fixtures. There, where the mortgagee obtains possession under the mortgage, trover could not be brought by the mortgagor to recover the fixtures, though the fixtures were not mentioned in the mortgage, and though they might have been removed by the mortgagor before possession obtained by the mortgagee. (Longsteff v. Meogoe, 2 Adolphus & Ellis, 167.) Also Lee v. Risdon, (7 Taunton 188,) in which Gibbs, Oh. J., speaking of fixtures, says, “ Unless the lessee uses, during the term, his continuing privilege to sever them, he cannot afterwards do it, and it never, I believe, was heard of, that trover could afterwards be brought.” (See also Colegrove v. Dios Santos, 2 B. & C. 76; Lyde v. Russell, 1 B. & Adolphus 394.)
If it were even conceded in this case, that the plaintiff, the mortgagor, could have removed the new sails before the actual possession by the defendants under this mortgage, still, after such possession, the plaintiff’s claim was gone and trover could not be brought.
In Connecticut, it has been held, that, “ If during the term of a mortgage upon a printing establishment, the types and other materials belonging to it are removed, and new ones supplied in their place, if the new types and materials were procured for the purpose of replenishing the establishment mortgaged, and of supplying the place of articles belonging to it, which had been lost or destroyed by use, and were attached to and incorporated with it, they would become a part of the establishment, and by right of accession belong to the owners of it. They would form an incident to and follow the title of the printing establishment, to which they were attached, which would be the principal thing. As if the borrower of a watch should replace its crystal, or of a musical instrument one of its strings, keys, or pipes, which had been lost, destroyed, or become useless in his service, in which cases they would belong to the lender. Omne principale trahit ad se accessorium.” (14 Connt. Rep. 266, Holley v. Brown.)
The case before us is stronger than the foregoing one decided in Connecticut. Here the sails were worn out, and were replaced *451 by those for the recovery of which this action was brought. The new sails were attached to the sloop. They became, in our opinion, a part of it, and in this condition the vessel came into the actual possession of the legal owner; and the defendants represented, or at least had a right to set up his title by virtue of the mortgage. We cannot see how, upon principle or precedent, the plaintiff can recover. The report of the referee must be set aside, and a new trial granted. Costs to abide the event of the suit.